# Kayla Hathcote

| | |
|---|---|
| **From:** | Hall, Justin <justin.hall@nebraska.gov> |
| **Sent:** | Monday, November 17, 2025 11:00 AM |
| **To:** | Kayla Hathcote; carson@ned.uscourts.gov |
| **Cc:** | Guillermo Martinez; jbruno_sherrets.com; Viglianco, Zachary |
| **Subject:** | RE: Motion to Quash - 4:24cv3103 |
| **Attachments:** | NDED Rule 45 subpoena with Exhibit A.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**CAUTION - EXTERNAL:**

Hi Judge Carson and all counsel

Here is the summary statement on behalf of the Nebraska Department of Economic Development:

On November 10, 2025, the Nebraska Department of Economic Development (NDED) received a Rule 45 subpoena for a Rule 30(b)(6) deposition to be taken by the Plaintiff on November 18, 2025. The subpoena and Exhibit A are attached to this email. Prior to the subpoena being formally served, NDED had served their objection letter with Plaintiff's counsel on November 7, 2025. NDED asserted sovereign immunity to protect it from third-party subpoenas, as NDED has been dismissed as party to this case by the Court's August 19, 2024 Memorandum and Order (Filing 10).

Sovereign immunity is "the constant undercurrent for all state interactions in federal courts." *Thomas v. FAG Bearings Corp.*, 50 F.3d 502, 506 (8th Cir. 1995). There is no exception for third-party subpoenas. Nebraska's sovereign immunity protects state agencies like NDED from third party subpoenas. This immunity "prevent[s] the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of third parties." *Ex parte Ayers*, 123 U.S. 443, 505 (1887). That harm injures a State whether it is named as a defendant in a complaint or made the target of a third-party subpoena. Third-party discovery requests are a "suit" for purposes of sovereign immunity. *Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1103-1105 (8th Cir. 2012). This is because "third party subpoenas...command a government unit to appear in federal court and obey whatever judicial discovery commands may be forthcoming." *Id*. at 1103.

Additionally, the requested Rule 30(b)(6) deposition of NDED raises the same sovereign immunity arguments that are currently on appeal pending before the Eighth Circuit Court of Appeals in *Mick v. Gibbons et al*, 8th Circuit Court of Appeals Case No. 24-1610. The *Mick* case has been fully briefed, oral argument was conducted on June 10, 2025, and a decision is expected in due course. The *Mick* case involved a lawsuit that was originally against multiple defendants, including the Nebraska State Patrol (NSP), an instrumentality of the State of Nebraska. The State Defendants, including NSP, were dismissed from this litigation on sovereign immunity grounds. Subsequently, the plaintiff attempted to conduct a Rule 30(b)(6) deposition of NSP to obtain third-party discovery, despite sovereign immunity. For the same reasons as the State argued in *Mick*, NDED is asserting sovereign immunity and objects to the Rule 30(b)(6) deposition that Plaintiff is attempting to conduct here.

If there is any additional information needed, please let me know.

Justin J. Hall
*Assistant Attorney General*
Office of the Attorney General
1445 K Street, Suite 2115
PO Box 98920
Lincoln, Nebraska 68509-8920
PHONE: (402) 471-1833
FAX: (402) 471-4725
justin.hall@nebraska.gov

---

**From:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Sent:** Thursday, November 13, 2025 10:02 AM
**To:** Hall, Justin <justin.hall@nebraska.gov>; carson@ned.uscourts.gov
**Cc:** Guillermo Martinez <gmartinez@sherrets.com>; jbruno_sherrets.com <jbruno@sherrets.com>
**Subject:** RE: Motion to Quash - 4:24cv3103

Counsel,

The court understands there is a discovery dispute between the parties. To ensure that the matter is addressed efficiently and fairly, the following procedures apply:

Both parties are to submit to the court by email to carson@ned.uscourts.gov, and to each other, a concise statement (no more than three paragraphs) summarizing their respective position by 5:00 p.m. on Monday, November 17, 2025. Please include copies of any disputed requests, including the subpoena.

The parties must thereafter meet and confer (either in person or at a minimum by phone) to discuss in good faith the particular issues as raised in the submissions. This discussion will be required regardless of prior efforts to confer.

If a discovery dispute call with the court remains necessary after doing so, please jointly review Judge Carson's calendar at https://www.ned.uscourts.gov/court-calendar, and note that the 1:30-2:30 p.m. hour is generally reserved for criminal hearings. The parties should then email chambers to confirm that they have conferred as instructed and propose two or more mutually agreeable dates and times. The court will select one of the proposed dates and set the hearing, which will be recorded.

Please see the following General Order No. 2025-04 regarding the storage, management, and access to restricted and sealed documents on CM/ECF, as the court's procedures have recently changed. Materials submitted prior to the hearing and the audio recording of the hearing will be uploaded to the public docket unless there is a request for restriction.

Thank you,

**Kayla N. Hathcote**
Law Clerk to U.S. Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
Kayla_Hathcote@ned.uscourts.gov
Telephone: (402) 661-7343

---

**From:** Hall, Justin <justin.hall@nebraska.gov>
**Sent:** Thursday, November 13, 2025 8:49 AM
**To:** carson@ned.uscourts.gov
**Cc:** Guillermo Martinez <gmartinez@sherrets.com>; jbruno_sherrets.com <jbruno@sherrets.com>
**Subject:** Motion to Quash - 4:24cv3103

**CAUTION - EXTERNAL:**

Hi Judge and Counsel

I am requesting a conference be set as soon as possible for discussing a Motion to Quash Rule 45 Subpoena issued against the Nebraska Department of Economic Development. An objection letter has been previously sent to Plaintiff's counsel outlining the State's position that a 30b(6) deposition of NDED, which was dismissed as a party in this case, would violate the State's sovereign immunity.

Please advise how the Court would like to proceed.

Thank you!

Justin J. Hall
*Assistant Attorney General*
Office of the Attorney General
1445 K Street, Suite 2115
PO Box 98920
Lincoln, Nebraska 68509-8920
PHONE: (402) 471-1833
FAX: (402) 471-4725
justin.hall@nebraska.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.