IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN NASH, and NORTH O RISING, LLC,

Plaintiffs,

v.

K.C. BELITZ, ELIZABETH BLANCO-RODRIGUEZ, ATTICUS STANSBURY, DEISY COYLE, ABRA KATAKA, and PAUL KOESTERS, in their official capacities,

Defendants.

**4:24CV3103**

**MEMORANDUM AND ORDER**

This case arises out of the Nebraska Department of Economic Development's (the "department") denial of plaintiffs Jonathan Nash ("Nash") and North O Rising, LLC's (collectively, the "plaintiffs") grant application (Filing No. 1-1). The plaintiffs allege that defendants K.C. Belitz, Elizabeth Blanco-Rodriguez, Atticus Stansbury, Deisy Coyle, Abra Kataka, and Paul Koesters (together, the "defendants")—various officials working for the department—discriminated against the plaintiffs by refusing to award them a grant under the North and South Omaha Recovery Grant Program ("NSORG program").

The matter is now before the Court on the parties' cross-motions for summary judgment. *See* Fed. R. Civ. P. 56. Because the Court finds the defendants are entitled to sovereign immunity on all of the remaining claims, the defendants' motion (Filing No. 57) is granted, and the plaintiffs' motion (Filing No. 54) is denied.

## I. BACKGROUND

The Court's prior Memorandum and Order (Filing No. 10) fully details the background facts. In short, the plaintiffs applied for a $700,000 economic-development grant, made possible by the Economic Recovery Act ("ERA"), *see* Neb. Rev. Stat.

§ 81-12,238 *et seq.* The ERA established the NSORG program. *See id.* § 81-12,241.01. Ultimately, the department did not award the plaintiffs a grant. A representative for the department informed Nash on February 23, 2024, that no review or appeal process was available.

The plaintiffs initially brought six claims: (1) a due-process violation; (2) an equal-protection violation; (3) "intentional discrimination"; (4) equitable estoppel; (5) a request that the Court enjoin "the distribution of all grant money"; and (6) a request for declaratory relief based on the plaintiffs' "equitable interest in public funds" as "taxpayers of the State of Nebraska."[1] The plaintiffs sought (1) "[a] declaration that the proposed awards and distributions of the grants are illegal and discriminatory"; (2) an order "temporarily and permanently" enjoining grant awards under the ERA and NSORG program; (3) monetary damages; and (4) attorney fees and costs.

The defendants removed the suit to federal court (Filing No. 1) based on the plaintiffs' jurisdiction and venue statement that the action arises out of federal law. *See* 28 U.S.C. § 1441(a). Shortly thereafter, they moved to dismiss (Filing No. 2) the complaint under Federal Rule of Civil Procedure 12(b)(1), (6). The Court granted the motion to dismiss in part and denied it in part (Filing No. 10). First, the Court denied the defendants' Rule 12(b)(1) claim as to standing, leaving the claims for injunctive relief and declaratory judgment intact. To the extent that the first two claims are claims for monetary relief based on violations of 42 U.S.C. §§ 1981, 1982, 1983, or 1985, the Court dismissed those claims as barred by sovereign immunity. However, because sovereign immunity "does not bar certain actions against state officers for injunctive or declaratory relief," *Alden v. Maine*, 527 U.S. 706, 757 (1999), the Court explained "if § 1983 provides the basis for any of the

[1]None of the six claims specify a statutory or constitutional basis. The complaint's jurisdiction and venue statement broadly states the action arises out of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 2000d, and the Fifth Amendment to the United States Constitution, leaving the Court and the defendants to attempt to match each claim to the applicable source of law.

plaintiffs' theories for prospective equitable relief," they may seek such relief against the department's officers in their official capacities. Finally, the Court dismissed claim three (intentional discrimination) and claim four (equitable estoppel) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In sum, three claims remain: (1) a claim for prospective, equitable relief for alleged due-process and equal-protection violations; (2) claim five (injunctive relief); and (3) claim six (declaratory relief).

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is particularly appropriate when the dispute turns primarily on questions of law rather than fact. *See Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

The Court considers cross-motions for summary judgment separately, "viewing the evidence in the light most favorable" to the nonmoving party on each motion. *Pitman Farms v. Kuehl Poultry, LLC*, 48 F.4th 866, 875 (8th Cir. 2022). But that rule applies "only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

### B. Sovereign Immunity

The plaintiffs' remaining claims all ask the Court to reverse the department's denial of their grant application and award them the $700,000 grant. The defendants argue this constitutes the precise kind of retrospective relief that is barred by sovereign immunity. *See Filyaw v. Corsi*, 150 F.4th 936, 947 (8th Cir. 2025).

The plaintiffs acknowledge that they may only "seek equitable relief from [the department's] officers in their official capacity" (Filing No. 69), but they nonetheless ask

the Court to "declare that Plaintiffs are entitled to the $700,000 grant" and "compel Defendants to issue the $700,000 grant to Plaintiffs." The plaintiffs also claim that this Court "specifically rejected the sovereign immunity arguments of Defendants." Not so.

The plaintiffs contend that "while the [department] has sovereign immunity in this Court from [the plaintiffs'] claims, the officials do not" (Filing No. 69). That statement is partially correct. A state official cannot raise sovereign immunity as a defense in a suit against them in their *personal* capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (noting that "an official in a personal-capacity action" may instead invoke "personal immunity defenses" such as qualified immunity, but not sovereign immunity). But here, the defendants are sued in their *official* capacities. And "[c]laims against state officials acting in their official capacities are considered claims against the State and therefore subject to sovereign immunity." *Cunningham v. Kahler*, 171 F.4th 1115, 1118 (8th Cir. 2026) (quoting *Bio Gen LLC v. Sanders*, 142 F.4th 591, 604 (8th Cir. 2025)); *see also Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (same). Thus, the remaining claims may still be subject to sovereign immunity.[2] *See Graham*, 473 U.S. at 167.

That said, state sovereign immunity has its limits. *See*, *e.g.*, *Alden*, 527 U.S. at 755 (discussing those limits). A state can waive its sovereign immunity or consent to suit. *See id.*; *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-87 (1999); *Hans v. Louisiana*, 134 U.S. 1, 13 (1890). In some cases, Congress can abrogate the states' sovereign immunity by appropriate legislation. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-57 (1996). Or a plaintiff can take advantage of the *Ex parte Young* doctrine by suing a state official in their official capacity to stop an ongoing

[2]The United States Supreme Court has sometimes referred to a state's sovereign immunity from suit as "Eleventh Amendment immunity." *Alden*, 527 U.S at 713. "The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Id.* The Supreme Court "has repeatedly held that the sovereign immunity enjoyed by the States extends beyond the literal text of the Eleventh Amendment." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 754 (2002).

violation of federal law. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). But *Ex parte Young* does not allow a plaintiff to seek retrospective monetary relief. *See Va. Off. for Protec. and Advoc. v. Stewart*, 563 U.S. 247, 256-57 (2011) ("*Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury, [ ] or an order for specific performance of a State's contract." (internal citations omitted)); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of [*Ex parte Young*], however, to claims for retrospective relief.").

The plaintiffs here invoke *Ex parte Young*. Under that narrow exception, "a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *Church v. Missouri*, 913 F.3d 736, 747 (8th Cir. 2019) (quoting *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011)). To avail themselves of the exception, the plaintiffs need to show (1) "an ongoing violation of federal law" and (2) a request for relief "properly characterized as prospective." *Cunningham*, 171 F.4th at 1119 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). The plaintiffs fail at both steps.

A single "discrete act" does not constitute an ongoing violation of the law. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1083 (8th Cir. 2018) (quoting *Montin v. Est. of Johnson*, 636 F.3d 409, 415 (8th Cir. 2011)). The Eighth Circuit has expressly rejected the theory that "consequences of [an] allegedly discriminatory decision" are sufficient to constitute an ongoing violation. *Id.*

And the requested relief "must be both prospective and equitable." *Filyaw*, 150 F.4th at 946. *Ex parte Young* "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). In considering both requirements, the Court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon*

*Md., Inc.*, 535 U.S. at 645 (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

In *Smith v. Reynolds*, 139 F.4th 631, 635 (8th Cir. 2025), the Eighth Circuit concluded that a state official's decision to withdraw from a Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") program, thereby depriving the plaintiffs of unemployment benefits to which they were otherwise entitled, was a discrete, one-time act rather than a continuing violation. The United States Treasury funded the CARES Act programs by depositing funds into each participating state's existing employment-benefits fund. *Id.* at 634. Although the plaintiffs characterized their claim as seeking forward-looking injunctive relief, the Eighth Circuit looked to the substance of the relief sought and concluded that "the core of [their] request entails nothing more than retroactive monetary reimbursement." *Id.* at 636. The same reasoning applies here.

The plaintiffs applied for a single grant under a single program. Their request for relief is based on a one-time, past act: the defendants' denial of their grant application. "[T]hat is simply not a claim of an 'ongoing violation' under *Ex parte Young*." *Id.* at 635. The mere fact that the defendants have not reversed their decision or that the plaintiffs are still experiencing the effects of not being awarded $700,000 does not transform their grant-application denial into an "ongoing" violation. *See Humphrey*, 891 F.3d at 1083; *see also Filyaw*, 150 F.4th at 941-45 (concluding that the plaintiff's loss of Medicaid coverage due to a one-time, constitutionally deficient pre-termination notice was the effect of a discrete past act).

The plaintiffs' conclusory arguments that they are "seeking prospective relief" (Filing No. 69) likewise fail to establish that the requested relief is prospective. "The requirement to show that the relief is prospective is 'closely related' to the ongoing-violation requirement." *Filyaw*, 150 F.4th at 946. "[W]ithout an ongoing violation to curtail, there are no prospective injunctions for a federal court to issue." *Id.* (quoting *Cotto v. Campbell*, 126 F.4th 761, 771 (1st Cir. 2025)).

The plaintiffs' request for a declaration that the defendants acted unlawfully and they are "entitled to the $700,000 grant" pertain to the defendants' denial of the plaintiffs' grant application. A straightforward inquiry shows that this constitutes "a judgment against state officers declaring that they violated federal law in the past." *P.R. Aqueduct and Sewer Auth.*, 506 U.S. at 146. Ordering the defendants to reverse that decision is "fundamentally retrospective" and barred by sovereign immunity. *See Filyaw*, 150 F.4th at 946.[3]

The plaintiffs' request for an injunction compelling the defendants to issue them $700,000 similarly fails. When "there is no continuing violation of federal law to enjoin[,] . . . an injunction is not available." *Green*, 474 U.S. at 71. Because any injunctive relief would address past harm rather than "serve[ ] directly to bring an end to a present violation of federal law," *Papasan v. Allain*, 478 U.S. 265, 278 (1986), such relief is retrospective in nature and therefore barred by sovereign immunity.

Moreover, a court order "compel[ling] Defendants to issue the $700,000 grant to Nash" is hardly equitable in nature. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (refusing to extend *Ex parte Young* to claims that amounted to monetary relief for past wrongs even when stylized as "equitable restitution"). Sovereign immunity bars relief against state officials in their official capacity when the relief "is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." *Id.* At bottom, that is the requested relief here. A court order requiring the

[3]The defendants characterize the plaintiffs' declaratory-judgment claim as seeking relief under the Nebraska Uniform Declaratory Judgment Act ("UDJA"), Neb. Rev. Stat. § 25-21,149 *et seq.* In response, the plaintiffs assert the claim is not under the UDJA or any other Nebraska law. The plaintiffs criticize the defendants for mislabeling this claim but never explain the statutory basis for their request for declaratory relief. Hardly clarifying the matter, the plaintiffs restate that their action is "under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 2000d" and that the remaining claims stem from a § 1983 action for equitable relief (Filing No. 69). Though the parties' presentations leave much to be desired, one point is clear: the Court cannot issue a judgment "against state officers declaring that they violated federal law in the past." *P.R. Aqueduct and Sewer Auth.*, 506 U.S. at 146.

defendants to award the plaintiffs a $700,000 grant is indistinguishable from an award of money damages against the state itself. *See Va. Off. for Protec. and Advoc.*, 563 U.S. at 256-57. Though the plaintiffs style their claims as requesting forward-looking injunctive relief, the core of their request "entails nothing more than retroactive monetary reimbursement." *Smith*, 139 F. 4th at 636. And because sovereign immunity precludes the plaintiffs' remaining claims, the defendants are entitled to summary judgment as a matter of law.

In light of the foregoing,

IT IS ORDERED:

1. Plaintiffs Jonathan Nash and North O Rising, LLC's motion for summary judgment (Filing No. 54) is denied.
2. Defendants K.C. Belitz, Elizabeth Blanco-Rodriguez, Atticus Stansbury, Deisy Coyle, Abra Kataka, and Paul Koesters' motion for summary judgment (Filing No. 57) is granted.
3. The defendants' objection (Filing No. 65) is stricken for failing to comply with the local rules. *See* Nebraska Civil Rule 7.1(b)(1)(A).
4. This case is dismissed without prejudice.
5. A separate judgment will issue.

Dated this 18th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge